# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,   :   Case No. 3:08-cr-116
                              Also Case No 3:13-cv-403

                              District Judge Walter Herbert Rice
-  vs  -                      Magistrate Judge Michael R. Merz

KENNETH VAUGHN,

        Defendant.   :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Kenneth Vaughn's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 385). By General Order of Assignment of Reference, the Motion to Vacate has been referred to the undersigned Magistrate Judge. The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

The Judgment of Conviction was entered in this case on September 24, 2009 (Doc. No. 313).  Vaughn took no appeal, so the judgment became final on the last day on which he could have appealed.  Under Fed. R. App. P. 4(b)(1)(A), that date was fourteen days after September 24, 2009, or October 8, 2009.   As amended by the Antiterrorism and Effective Death Penalty Act in 1996, 28 U.S.C. § 2255(f) provides a one-year statute of limitations for § 2255 motions which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Vaughn states that his claim for relief arises under *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).  *Alleyne* was decided June 17, 2013, so that if Vaughn's claim does in fact arise under *Alleyne*, it was timely filed on November 25, 2013. *Alleyne* held that a fact necessary to establish a defendant's liability to a mandatory minimum sentence was an element within the meaning the *Apprendi* line of cases, which means it must be pled in the indictment and proven to a jury beyond a reasonable doubt.  *Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), which had held facts necessary to require a mandatory

minimum sentence were not elements of the crime under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

However, Vaughn does not state a claim for relief arising under *Alleyne* because the United States was already in compliance with that decision in the handling of this case. The Indictment in this case charges Vaughn in Count One with conspiring with others to distribute in excess of fifty grams of cocaine base and in excess of one hundred grams of heroin (Indictment, Doc. No. 31, PageID 658). Thus the Indictment complies with *Alleyne.* On December 16, 2008, Vaughn entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 1 and five other counts of the Indictment (Doc. No. 124). As part of that Plea Agreement, Vaughn admitted the truth of an attached statement of facts which included the facts that he and his co-conspirators sold in excess of 235 grams of crack cocaine and in excess of 100 grams of heroin. In the Plea Agreement, Vaughn acknowledged that if Judge Rice accepted his guilty plea, he would be waiving his right to trial by jury. On the same day Judge Rice conducted the required plea colloquy under Fed. R. Crim. P. 11 and accepted Vaughn's guilty plea (Minute Entry, Doc. No. 125). Although Vaughn later attempted to withdraw his plea of guilty (Doc. No. 182) and Judge Rice held a number of hearings on the matter, Vaughn was never granted permission to withdraw the plea and Judge Rice proceeded to sentencing on September 23, 2009. As noted above, no appeal was taken.

Nothing in the *Apprendi* lienof cases in general or in *Alleyne* in particular suggests that the right to trial by jury cannot be waived or that an admission of sufficient facts to support the mandatory minimum, made by a defendant under oath in open court in a plea colloquy, cannot validly substitute for a finding by a jury. The § 2255 Motion, although timely, does not state a claim for relief under 28 U.S.C. § 2255.

If there were a violation of *Alleyne*, the question would be whether it applied retroactively to cases decided before *Alleyne*, like this one.  Whether a Supreme Court decision applies retroactively should be decided by the district court in the first instance.  *Wiegand v. United States,* 380 F.3d 890, 892 (6th Cir. 2004).However, even *Apprendi* does not apply retroactively to initial § 2255 motions as it is not a watershed rule of criminal procedure.  *Goode v. United States*, 305 F.3d 378 (6th Cir. 2002).  *A fortiori Alleyne*, as an application of *Apprendi,* does not meet the retroactivity test of *Teague v. Lane,* 489 U.S. 288, 296 (1989).

It is therefore respectfully recommended that the Motion to Vacate be dismissed with prejudice because (1) the United States complied with *Alleyne* in its handling of this case – the required facts of the mandatory minimum sentence were charged in the indictment and admitted by the Defendant and (2) in any event *Alleyne* does not apply retroactively to cases decided before June 17, 2013.

December 2, 2013.

                    s/ *Michael R. Merz*
                    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).